[Civ. No. 353. Fourth Appellate District.—March 16, 1931.]

GERALDINE E. WILLIAMS, Plaintiff and Respondent, v.
PICKWICK STAGES SYSTEM (a Corporation) et al.,
Appellants.

[Civ. No. 354. Fourth Appellate District.—March 16, 1931.]

ARLO F. WILLIAMS, Plaintiff and Respondent, v. PICK-
WICK STAGES SYSTEM (a Corporation) et al.,
Appellants; PACIFIC INDEMNITY COMPANY (a
Corporation), Intervener and Respondent.

598

B. P. Gibbs for Appellants.

Samuel J. Crawford for Respondents.

Charles X. Arnold for Intervener and Respondent.

MARKS, J.—Arlo F. Williams and Geraldine E. Williams, are husband and wife. On the twenty-eighth day of August, 1927, they were riding in an automobile easterly on a public highway between the cities of Fillmore and Piru in Ventura County. The automobile came into collision with a Ford being driven by Jose Reynoso. Both Mr. and Mrs. Williams suffered serious bodily injuries and the car, which belonged to Arlo F. Williams, was demolished. They brought separate actions for damages which were tried together, and which resulted in a judgment in favor of Geraldine E. Williams in the sum of $5,000, and Arlo F. Williams in the sum of

$2,000. The Pacific Indemnity Company, a corporation, was the insurance carrier on the car of Mr. Williams. This company intervened in his action so that it might be subrogated to the amount expended by it for repairs to the automobile in any judgment rendered in his favor.

The accident happened about 8 o'clock at night at a point on the highway where the pavement was sixteen feet in width, with shoulders on each side of about six feet. On the northerly side there was a bank from eight to ten feet high. At the point of the accident, and for a considerable distance on each side thereof, the road travels in a sweeping "S" curve.

The automobile in which the respondents were riding was traveling in an easterly direction. A stage, belonging to the Pickwick Stages System, a corporation, and driven by P. C. Madsen, was traveling in the same direction. It passed the Williams car and proceeded on down the highway. The Ford, traveling in a westerly direction, met the stage, its left front wheel coming into collision with the left rear fender of the stage. The Ford swerved to its right into the bank and caromed off across the road into the Williams car, causing the injuries complained of.

Appellants present the following grounds for a reversal of the judgments: first, that no negligence is shown on the part of the driver of the stage, which was the proximate cause of the accident; second, that the evidence shows that the driver of the Williams car was guilty of contributory negligence as a matter of law; and, third, that the trial court erred in giving two of the instructions to the jury.

While the evidence on the question of negligence is somewhat conflicting, that most favorable to the respondents shows that their automobile, just prior to the accident, was being driven at a speed of about thirty-five miles per hour; that the passenger stage, driven by Madsen, passed the automobile to its left on the curve which we have mentioned; that it proceeded down the highway on its left-hand side thereof and in entering a left-hand curve, came into collision with the Ford. At the time of this collision it was entirely over on its left-hand side of the road with its left wheels close to the northerly edge of the pavement. The Ford had pulled completely off from the paved portion of the highway on to the dirt shoulder on its right-hand side. The speed

of the bus was given as being between fifty and fifty-five miles per hour. Under these circumstances negligence on the part of the driver of the stage is self-evident as he was violating several provisions of the California Vehicle Act. Appellants maintain, however, that this negligence was not the efficient cause from which the injury followed in a natural and continuous sequence unbroken by any efficient intervening cause. We cannot agree with them. It seems clear from the evidence that the collision between the passenger stage and the Ford threw the Ford into the bank, that it caromed off from the bank into the road and into the automobile of the respondents. The negligence of Madsen in driving the passenger stage at the high rate of speed into the left-hand curve and upon his left-hand side of the highway and into the Ford was the proximate cause of the accident.

Appellants maintain that the driver of the Williams car was guilty of contributory negligence as a matter of law because he should have stopped before the collision with the Ford. After its impact with the stage, the Ford traveled about forty feet before striking the Williams car. Between one and two seconds must have elapsed between the collision of the Ford and the stage, and between the collision of the Ford and the Williams car. During this time the Williams car traveled about eighty feet. The driver applied his brakes but did not stop. In this short space of time we cannot say as a matter of law that the driver had ample time and opportunity to stop his car even if he had realized that the collision with the Ford was imminent. We cannot predicate contributory negligence as a matter of law upon this state of facts.

The two instructions complained of by appellants are as follows:

"The State Motor Vehicle Act provides that a vehicle may be driven on the left hand side of the public highway when it is overtaking and passing another vehicle, but in that event it must not be driven on the left-hand side of the highway unless the left-hand side is clear and unobstructed for at least one hundred yards ahead."

"The State Motor Vehicle Act provides that a driver of a motor vehicle shall not drive the same so as to pass or overtake any other vehicle going in the same direction upon

a curve where the driver's view along the highway is obstructed within a distance of one hundred fifty feet.''

Appellants urge that the trial court erred in giving these instructions because they are not applicable under the facts of this case. The first states the rule of law set forth in section 122 of the California Vehicle Act. The second is based upon the provisions of subdivision (c) of section 125 of the same act. We have reached the conclusion that under the facts and circumstances of this case both instructions were properly given. The evidence, while not conclusive on the point, would strongly indicate that at the time the passenger stage started to pass the Williams car, the Ford was not 300 feet distant from it. This being the case, the instruction was properly given. The evidence further indicates that at this point the highway made a curve to the left so that a driver could not see down the road a distance of 150 feet, his view being obstructed by the bank on the northerly side of the road. This evidence was contradicted by appellants but this merely created a conflict with which we need not be concerned. The trial court was fully justified in giving the second instruction.

Both judgments are affirmed.

Barnard, P. J., and Jennings, J., concurred.