[Civ. No. 6819. Second Appellate District, Division Two.—July 8, 1931.]

FRANK REYNOSA, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation) et al., Appellants.

B. P. Gibbs and Thomas S. Gould for Appellants.

Sheridan, Orr, Drapeau and Gardner for Respondent.

CRAIG, J.—The respondent was injured in a collision between his automobile and another machine in the county of Ventura. After trial by a jury, a verdict and judgment were rendered in his favor, and the defendants appealed from said judgment.

It was testified by the plaintiff that while riding on a curve in the public highway, in a northerly direction, he suddenly noticed the lights of a machine within a few feet before him, upon his side of the thoroughfare, there was a crash, and the next that he knew he was taken to a hospital at Fillmore, in Ventura County. His son, who was driving at the time, swore that his Ford car was traveling near the right bank of the roadway, that the wheels on the right side were off the pavement; that he first saw the approaching stage on the curve between thirty and forty feet distant, that it was traveling at the rate of about fifty miles per hour, that he quickly turned against the bank, but was unable to avoid a collision. He was unable to testify as to subsequent occurrences. A witness by the name of Williams testified that he was driving in a sedan in a southerly direction but some distance northerly from the scene of the first

impact, when the stage passed him at a speed of fifty or fifty-five miles an hour; that "as it rolled up the boulevard a few feet more, on the left-hand side of the road we heard a flash, and out from behind the bank came the Ford, and it rolled along next the bank and angled right on the road and ran into us". The testimony of Mrs. Williams tended to corroborate the two former witnesses. The witness Shean averred that he was driving in a southerly direction along the same highway, at about forty miles per hour, to the rear of the Williams car; that the stage passed him at a speed of "fifty miles, probably fifty-five, maybe sixty, because they passed us very fast". This witness further testified, and was corroborated by various witnesses, that "as it passed Williams it swerved to the left and they were completely on the left side of the road as they hit the curve; . . . we heard the bump and then we heard the smash, and then the Ford—Mr. Reynosa's car—smashed into Williams in front of us. . . . I asked the stage driver why he was driving so fast and he said he was late and trying to make up time." It was stipulated that the driver was an employee of the appellant company, and that he was at the time of the accident operating the stage in the course of his employment. Evidence offered on behalf of the defendants consisted of testimony to the effect that the stage was at all times on the right-hand side of the boulevard, that its impact with the Ford was very slight, and that the stage received only a small indentation on the left rear fender.

It is first contended that there was a total failure of proof of any negligence upon the part of either defendant proximately resulting in the injuries alleged to have been sustained. It is insisted that respondent's machine and occupants received their injuries, if at all, from the fact that the "sedan, which had been following at a distance of approximately 150 feet behind the stage, crashed into the Ford". The rule invoked by appellants requires that the plaintiff must show that the negligence, if any, "was an efficient cause from which the injury followed in a natural and continuous sequence, unbroken by any efficient intervening cause". (*Marovich v. Central California T. Co.*, 191 Cal. 295 [215 Pac. 595, 599].) But in the cited case the issue arose rather as to whether a street-car passenger suffered injury from its failure to stop or from walking off the car

while it was in motion, than as to whether the injury resulted from a direct impact or from the resulting contact. We are cited to no authority, nor is logical argument advanced in the instant case, that contact with the ground may be held an efficient intervening cause of injury to one who has been struck by an automobile, illegally driven, at a dangerous place upon a much-traveled public thoroughfare. Appellants' contention falls for want of evidence that Williams' car collided with the Ford at all, other than that the Ford was cast over the roadway into the sedan, as herein stated from the testimony of various witnesses. ■ An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury, and but for which the injury would not have occurred. The law will not look back from the injurious consequences beyond the last efficient cause, where a responsible and intelligent person has intervened, if the chain of events is so broken that they become independent and the result cannot be said to have probably and naturally accrued from the primary cause, or to have been anticipated. (*Schwartz* v. *California Gas etc. Corp.*, 163 Cal. 398 [125 Pac. 1044]; *Merrill* v. *Los Angeles Gas etc. Corp.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534].) ■ It does not appear that the mere coincidental lawful presence of Williams at some distance from the collision intervened or was a more efficient cause of the result than was the embankment which presented respondent's escape from a violent, irresistible primary force. There was evidence that he applied his brakes immediately upon hearing the crash; that he was driving at a legal rate of speed, and that the Ford was traveling but fifteen or twenty miles per hour, when it was struck. The jury might well have concluded that the opportune appearance of Williams was not an independent intervention but for which the injuries would not have occurred. That he was not guilty of negligence has heretofore been decided. (*Williams* v. *Pickwick Stages System*, 112 Cal. App. 597 [297 Pac. 98].)

■ Finally, it is strenuously insisted by appellants that the verdict allowing damages in the sum of $5,500 for injuries to the spinal area and thorax of respondent's body was so excessive as to indicate that the jury were influenced by the evidence adduced. It was testified that the respond-

ent suffered fractures of the shoulder-blade and ribs, and other injuries, from which he was still incapacitated and endured pain eight months after the accident. We cannot say as a matter of law that the facts and circumstances before the jury were not such as to justify their action, nor do the appellants cite any particular wherein the record tends to warrant a charge of unfairness or of passion or prejudice upon the part of the jury.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.