[Civ. No. 8087.   Second Appellate District, Division One.—November 16, 1934.]

HERBERT A. PAYNE, Respondent, v. SANTA BARBARA COTTAGE HOSPITAL (a Corporation), Appellant.

Heaney, Price & Postel, George L. Greer and Margaret Dunn Kamper for Appellant.

Hill, Morgan & Bledsoe, Vincent Morgan and Stanley S. Burrill for Respondent.

EDMONDS, J., *pro tem.*—This is an action for damages alleged to have been sustained by plaintiff while a patient in the hospital operated by the defendant.

Plaintiff went to the hospital for an abdominal operation, which was performed by his own physician. He was thereafter cared for by his physician and by nurses employed by him or his physician. Plaintiff remained in the hospital until the wound healed, when he returned to his home in Los Angeles.

Some time later plaintiff experienced great physical discomfort, and in the endeavor to find a cause for the difficulty the old incision was opened up and a toothpick taken out. Later some cotton was found in plaintiff's body, and plaintiff's charge of negligence is that the toothpick and cotton found their way into his body while in the defendant's hospital as a result of its negligence in furnishing what are commonly termed "toothpick applicators"; that is to say, toothpicks with cotton on each end, for use in bandaging his wound.

The verdict of the jury was in favor of plaintiff for $35,000. Thereafter defendant moved for a new trial, and the trial judge made an order purporting to grant the motion. But this order the Supreme Court held to be ineffectual because not filed within the time provided by section 660 of the Code of Civil Procedure. (*Payne* v. *Hunt,* 214 Cal. 605 [7 Pac. (2d) 302].) Therefore it must be held that by operation of law, the motion was denied.

Both parties agree that in a case such as this, where the hospital does not furnish the services of either physicians or nurses, that its duty is to exercise ordinary care to furnish to the attendants of the patient suitable supplies, equipment and facilities commensurate with the requirements of his case, and to use reasonable care in providing the same for the use of those charged with his care and treatment. All of the medical testimony was to the effect that the use of toothpick applicators with surgical dressings

is a dangerous practice, and plaintiff's cause of action is based upon the alleged negligence of the hospital in furnishing toothpick applicators to or for him.

Defendant's principal contention in response to this charge is that there is no evidence upon which a finding that it furnished toothpick applicators can be based, and that even had it done so, its action was not the proximate cause of the injuries complained of.

Plaintiff testified positively that "toothpick applicators were used by every nurse who had anything to do with my case". His wife said that she saw them on the trays brought from the dressing room of the hospital, in the patient's room, and in use by the nurses attending the plaintiff. On the contrary, the physicians who operated on and thereafter cared for plaintiff, and the nurses employed by plaintiff, each testified positively that no such applicators were either furnished by the hospital or used by them. Also, employees of the hospital, who had duties in connection with its supply room on the floor where plaintiff's room was situated, denied that toothpick applicators were furnished. But the defendant asserts that even if it furnished the toothpick applicators, that its act in so doing was not the proximate cause of plaintiff's injuries, because the chain of causation was broken by the intervention of an independent responsible agency.

In the case of *Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559], which is one of the cases most often cited on the subject of proximate cause, Justice Henshaw pointed out "that an independent wrongful act, to constitute the proximate cause by displacing the original primary cause, must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission".

Under the evidence in this case can it be said that the injury which plaintiff suffered was a natural or probable consequence of the act of the hospital in furnishing the toothpick applicators? "The law will not look back from the injurious consequences beyond the last efficient cause, where a responsible and intelligent person has intervened,

if the chain of events is so broken that they become independent and the result cannot be said to have probably and naturally accrued from the primary cause or to have been anticipated." (*Reynosa* v. *Pickwick Stages System,* 115 Cal. App. 383 [1 Pac. (2d) 548].)

In this case the persons who used the applicators, according to plaintiff's evidence, were trained nurses employed by the plaintiff. They are members of a profession which the law recognizes as one of skill and learning. It has been said that "the professions of doctor and nurse are so closely allied that decisions applicable to one would appear to apply equally well to the other." (*Moody* v. *Industrial Acc. Com.,* 204 Cal. 668 [269 Pac. 542, 60 A. L. R. 299].) The hospital, if it furnished the toothpicks as plaintiff contends, sent them to a professional employed by plaintiff to care for him. If she used them with injurious consequences her act was certainly one of a responsible and intelligent person, which relieves the defendant of any liability.

The duty of the hospital to furnish suitable supplies and equipment does not, we think, make such defendant liable for furnishing articles which a trained nurse in charge of a patient should know from training and experience and the standards of care ordinarily used in her profession would be dangerous. If the article furnished is obviously unfit for the use for which it is furnished by the hospital, and plaintiff's employee uses it in violation of all of the standards of care of nursing practice, the defendant cannot be chargeable with any injurious effects therefrom. Under this state of facts, the acts of the defendant's employees were neither a proximate cause, nor any cause, of the misuse of the applicators, with resulting injury to the plaintiff. It cannot rightly be said that defendant or its employees should have anticipated that the nurse or physician would voluntarily use an unfit appliance in caring for the patient's wound.

This conclusion requires a reversal of the judgment and makes a consideration of the other points raised by appellant unnecessary. Also as we held that even though all of the evidence relied upon by plaintiff be true, defendant is not liable, there is no need for a new trial.

The judgment is reversed and the case remanded to the superior court with directions to dismiss the action.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 14, 1935.