[Civ. No. 11101. Second Appellate District, Division Two.—July 29, 1936.]

KLYDE KRAFT, Respondent, v. DANIEL W. BRIGGS, Appellant.

668

David R. Faries for Appellant.

H. Landon Morris for Respondent.

CRAIL, P. J.—This case comes before us on the motion of the plaintiff to dismiss the appeal upon the ground that the appeal was not taken within the time prescribed by section 939 of the Code of Civil Procedure. In the trial court a judgment was entered for plaintiff, and in due course the defendant moved for a new trial. The ruling on this motion was delayed until, on February 19, 1936, the motion was denied by operation of law. ■ After the time had expired within which the trial court had jurisdiction to grant a motion for new trial, the court made such a purported order and later made the order *nunc pro tunc* as of a date prior to February 19, 1936. Both of these orders were mere nullities. (*Kraft* v. *Lampton,* 13 Cal. App. (2d) 596 [57 Pac. (2d) 171].)

■ The time within which to take an appeal terminated thirty days after February 19, 1936 (*Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486]; *Kocher* v. *Fidelity & Deposit Co.,* 137 Cal. App. 474, at 476 [30 Pac. (2d) 535]), and the defendant did not take his appeal until July 3, 1936. In resisting the motion to dismiss the appeal the defendant contends that the proceedings on the motion for new trial did not terminate until the Supreme Court of California denied a hearing in *Kraft* v. *Lampton, supra,* and assumes that the orders purporting to grant a new trial were valid until such time. The orders were void from the beginning, mere nullities, and cannot be the basis for, nor evidence of, any right whatever. (*Forbes* v. *Hyde,* 31 Cal. 342; *Estate of Pusey,* 180 Cal. 368, at 374 [181 Pac. 648]; *Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089].)

■ Defendant next contends that no written notice was served upon defendant, that the motion for new trial was denied by operation of law, and that such notice is necessary to start his time for appeal to run. There is no merit in this contention. (*Cook* v. *Cook,* 208 Cal. 501 [282 Pac. 385]; *Lancel* v. *Postlethwaite, supra.*)

■ Defendant further contends that the record is not sufficient to sustain the motion to dismiss the appeal for the reason that the clerk's certificate does not show that

proceedings for the preparation of the record have been terminated in the superior court. Such showing is not necessary where the motion is made on the ground that the appeal was not taken within the time prescribed by law. (*Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686]; *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459].)

■ Defendant finally contends that the motion should be denied on the grounds of equity. This court cannot exercise any discretion in the matter. Its duty to grant the motion is mandatory where the appeal is not taken within the time allowed by law. (*Lancel* v. *Postlethwaite, supra; Lawson* v. *Guild, supra.*)

We see no occasion for assessing damages.

Motion to dismiss appeal granted.

Wood, J., and McComb, J., *pro tem.,* concurred.