[Civ. No. 3657. Fourth Dist. June 13, 1947.]

MARGARET McDONALD et al., Respondents, v. C. E.
RANDOLPH, Appellant.

Horton & Knox and Monroe & McInnis for Appellant.

Edward B. Patterson for Respondents.

GRIFFIN, J.—This action is for damages for injuries alleged to have been suffered by plaintiff Margaret McDonald while she was a patient in a hospital. Defendant and appellant is a physician and surgeon. It was alleged that on April 24, 1944, plaintiffs, husband and wife, employed defendant to perform an operation for an appendectomy upon Mrs. McDonald; that the operation was unskillfully and negligently performed, and that as a result thereof Mrs. McDonald suffered certain serious burns and that the cure therefor was prolonged by reason of unskillfulness on the part of defendant in treating them. General and special damages were sought.

Defendant admitted that he performed the operation, and while the patient was in the hospital she did receive burns.

It was then claimed that on May 24, 1944, plaintiffs, for a valuable consideration, released the proprietor of the hospital from any claim for said damages. The remaining allegations of the complaint were denied.

The evidence shows that the operation itself was not unskillfully performed; that Mrs. McDonald remained in the hospital about one week after she received third-degree burns on the calves of her legs by a hot water bottle placed there by the nurse immediately after the operation. After plaintiff returned home she was under the care of defendant for two weeks. He dismissed her as improved. Thereafter, she obtained another doctor and was treated by him for 16 months. That doctor testified for plaintiff and gave as an opinion that in the treatment of third-degree burns the most satisfactory results come from having a moist surface during the time of treatment rather than the dry treatment used by defendant, and that the method of treatment used by him was not a reasonable treatment, i. e., that it was not the medical treatment the ordinary doctor would give a patient under the circumstances.

Another doctor, testifying for defendant, gave as his opinion that according to his experience, the treatment accorded Mrs. McDonald by defendant after she was burned was in accordance with the general practice in the community. On cross-examination, he testified, however, as follows:

Q. (BY MR. PATTERSON): ''. . . if you have a third-degree burn that would cover two-thirds of the leg in two or three weeks after you had seen it, do you think you would be justified in telling the patient it was getting along all right and didn't need further attention from you? A. Not unless it had healed over. Q. I mean still running. A. No.''

There was a sharp conflict in the evidence as to whether defendant's treatment of plaintiff in respect to the burns was proper. The evidence shows that at the time of trial plaintiff's legs were in such condition she would ''always have scars'' and ''her legs would be smaller.''

Motions for nonsuit and directed verdict were denied. The trial court instructed the jury, however, that there was insufficient evidence to sustain any finding that defendant assumed or had any responsibility or control over the hospital and that the evidence established that the plaintiff received the burns while under the care of the employees in the hospital and during the absence of Dr. Randolph, and that therefore no verdict could be returned against him for damages for

the burning of plaintiff's legs in the first instance. However, the court did submit to the jury the question whether or not the care given to plaintiff after she left the hospital and before she placed herself in the care of another doctor was or was not negligent, and whether, in short, plaintiffs were entitled to damages because of a delay in recovery as a result of negligent treatment. The jury returned a verdict in favor of plaintiff for the sum of $7,500 general damages, and $1,166 special damages. A motion for judgment notwithstanding the verdict was made and denied. Judgment was entered upon the verdict on June 7, 1946. Defendant filed his notice of intention to move for a new trial based upon the ground of the insufficiency of the evidence and that the damages were excessive. This notice was served and filed on June 12, 1946. On August 7, 1946, the motion having theretofore been submitted on written briefs to the judge who tried the case, there was entered the formal order of the court entitled: "Order Disposing of Motion for New Trial." It provided that:

". . . said motion for new trial be and the same is hereby granted upon the ground that the evidence is insufficient to justify the verdict of the jury in the amount allowed either by way of general or special damages, unless within thirty (30) days from and after the filing of this order the plaintiffs shall have stipulated to reduce the amount of the judgment insofar as the same is for general damages, to the sum of $1,500.00, and insofar as the same is for special damages, to the sum of $250.00, the plaintiffs, however, to be allowed their costs.

"But It Is Hereby Further Ordered that should said stipulation, within the time above limited, be filed, then for said reduced amounts and taxable costs, but for no further or greater sums, said judgment shall stand in full force and effect without any further order of the court."

No stipulation reducing the judgment was filed on behalf of the plaintiffs, and on August 30, 1946, the defendant Randolph filed his notice of appeal.

Before considering the propriety of the court's rulings on the motions, we will consider the validity and effect of the order of the court with reference to the motion for new trial. By the provisions of section 660 of the Code of Civil Procedure, the power of the court to pass upon a motion for new trial expires 60 days from and after service on the moving party of written notice of entry of judgment, or if no such notice is served, then 60 days after the filing of the

notice of intention to move for a new trial. It is to be noted that the verdict was rendered June 6, 1946, and judgment was entered June 7, 1946. No notice of entry of judgment was served, but a notice of intention to move for a new trial was served and filed on June 12, 1946. The 60 days, therefore, would expire on August 11, 1946. The order of the trial court granting a new trial upon condition was dated August 7, 1946, and endorsed filed August 8, 1946. Had the trial court made an order conditional in form but providing that the condition which determined whether the motion for new trial should be granted or denied must take place within the 60-day period, no possible question could have arisen. Here, however, the trial court, with only four days to go in which it had any power to act upon the motion for new trial, entered its order purporting to grant to plaintiffs 30 days within which they could determine whether they would accept a new trial or would file their stipulation or consent to a reduction of the judgment. The defendant was immediately confronted by the serious procedural question of the effect of this conditional order, and the appeal from the judgment was taken out of an abundance of caution.

There can be no question of the power of the court to grant a new trial on condition. In *Hyams* v. *Simoncelli,* 41 Cal. App.2d 126 [106 P.2d 68], a somewhat similar conditional order was made upon a motion for new trial. However, the party was allowed 24 hours within which to agree to a reduction of the judgment, and before the expiration of this time additional time was granted for such reduction. The reduction agreement was filed within the period thus extended. It was held that such extension of time was within the power of the court, it being specifically noted that all of the events took place within the time allowed by the code for acting upon a motion for new trial. *Gloria* v. *A Colonial Portuguesa,* 128 Cal.App. 640 [18 P.2d 87], is then cited.

In *Ertman* v. *Municipal Court,* 68 Cal.App.2d 143 [155 P.2d 908, 156 P.2d 940], an order was made granting a new trial unless the plaintiff, within ten days thereafter consented to a reduction of the verdict. The 60 days, or the last day on which the motion for new trial could have been granted under section 660 of the Code of Civil Procedure, expired before the end of that time. The court said, at page 146:

". . . appellant contends that the order granting a new trial must be held void because it contained a condition permitting him to consent to a reduction of the verdict on a

day subsequent to the sixty day period. It would seem more logical that if the court attempted to impose a condition upon the order which it had no power to impose the condition alone should fall rather than the order as a whole. It is manifest from the language of the order that the court intended to grant a new trial unless a portion of the verdict was remitted. It had the power to grant the plaintiff five days to make an election but could not continue that time over the sixty day period. But the plaintiff did not make an election to remit at any time and was therefore not prejudiced by the invalid part of the order.''

The appeal in that case was affirmed for other reasons and the point was not squarely decided. It is indicated by dictum that the trial court had no power to extend the period of time beyond the sixty-day period and that the net effect of such ruling would constitute the granting of a new trial and that the condition attached to said order became inoperative.

It should be here noted that the plaintiffs in this case, as in the Ertman case, never did file the stipulation consenting to a reduction in the judgment. It should be held here, as it was held there, that plaintiffs cannot now claim they were prejudiced by the invalid part of the order.

 Defendant argues that since the trial court sought to grant a new trial but failed to make an effective order within the time allowed by statute, the net effect was to deny a new trial by operation of law, citing *Dolan* v. *Superior Court,* 47 Cal.App. 235 [190 P. 469]; *Payne* v. *Santa Barbara Cottage Hospital,* 2 Cal.App.2d 270 [37 P.2d 1061]; *Supera* v. *Moreland Sales Corp.,* 13 Cal.App.2d 186 [56 P.2d 595]; and *Kraft* v. *Briggs,* 15 Cal.App.2d 667 [59 P.2d 1044]. The cases cited reiterate the general statutory rule that if the trial court does not grant a new trial within the 60 days the motion is automatically denied, but those cases are factually different from the instant case. Here, at the instance and request of defendant, based on the ground of insufficiency of the evidence to support the judgment, the motion for new trial was granted within the 60 days. The only condition that would change the effect of the order was the filing of a stipulation of the parties accepting a reduction in the verdict and judgment entered thereon to the sum of $1,750. No such stipulation was filed within the sixty days during which the trial court had jurisdiction and power to deny or grant a new trial. Therefore, the portion of the order permitting an

extension of time beyond the sixty days was void. The authorities cited by respondents fully support this conclusion. If the court had power to extend the time thirty days beyond that period, it would have the same power to extend it one year or more. We do not believe this to be a proper construction of the statute.

Since the motion for new trial was granted on the ground stated, an appeal from the judgment entered on the verdict is ineffectual and must be dismissed.

In view of this conclusion, we particularly refrain from passing upon the sufficiency of the evidence to support the judgment, and the merits of the rulings made on the orders questioned.

Appeal from judgment dismissed.

Barnard, P. J., and Marks, J., concurred.