[S. F. No. 3868.  In Bank.—August 29, 1904.]

# FERDINAND HOLTUM, Administrator, etc., Petitioner, v. JOHN J. GREIF, County Clerk of the City and County of San Francisco, and JOHN HUNT, Judge of Superior Court thereof, and said SUPERIOR COURT, Respondents.

144  521|
e147  540

CONDITIONAL ORDER GRANTING NEW TRIAL—FAILURE TO PERFORM CONDITION—CONVERSION OF ORDER—POWER OF COURT—VOID ORDER ELIMINATING CONDITION.—The superior court has unquestioned power to make an order granting a new trial conditional upon the payment of costs by the moving party, and a failure to perform the condition converts the order into a denial of the motion. The condition is an essential part of the order. If the order is regularly entered, and the power of the court to set it aside as an award of a new trial is at an end, it has no power to change it by eliminating the condition, so as to make the order for a new trial absolute, and an order purporting to make such change is void.

ID.—LIMITS OF POWER OF COURT—EXHAUSTION OF POWER.—It is well settled that a judgment or order regularly entered can be reviewed and set aside only in the modes prescribed by statute, although, if it has been entered prematurely or by inadvertence, it may be set aside on a proper showing, and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth; yet, subject to these exceptions, the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion, its power is exhausted and is *functus officio*.

ID.—APPEAL FROM CONDITIONAL ORDER—EFFECT OF TENDER AND REFUSAL.—Where the plaintiff was about to appeal from the conditional order granting a new trial, and refused a tender of the money on that ground, such refusal cannot justify the removal of the condition by the court, and such tender did not entitle the defendant absolutely to a new trial. The appellant could not be forced into a new trial until the right of appeal is at an end or the order has been affirmed.

ID.—CONSTRUCTION OF CONDITION—COSTS PAYABLE ON DEMAND—AFFIRMANCE OF ORDER—DEMAND AND REFUSAL—LEGAL CHANGE OF ORDER.—Where the conditional order, as entered upon the minutes of the court, fixed no time of payment of the costs required as a condition, it is to be construed as making the costs payable on demand, and where, after the order was affirmed upon appeal, demand was frequently and formally made by the plaintiff for payment of the costs required as a condition of the order, and was refused

by the defendant on the ground that no payment was due, such refusal must be held to have converted the order into an order denying a new trial, and to leave the judgment in full force.

ID.—ENFORCEMENT OF JUDGMENT—MANDAMUS—INADEQUATE REMEDY.— Though the clerk of the court cannot be required to pass judicially on the question whether a condition annexed to an order granting a new trial has been performed or not, yet upon the undisputed facts, *mandamus* will lie to compel the court to perform its duty to order execution upon the judgment. The remedy by appeal from an order overruling a motion for execution is not an adequate remedy which would preclude such *mandamus.*

PETITION for Writ of Mandate to John J. Greif, County Clerk, and to the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Montague T. Moses, for Petitioner.

Plaintiff's right to a denial of new trial, contingent upon defendants' non-performance of the condition, was just as sacred as defendants' right to a new trial upon such performance. (Hayne on New Trial, secs. 164, 167, 199; Spelling on New Trial, sec. 400; *Lang* v. *Superior Court,* 71 Cal. 492; *Belser* v. *Hoffschneider,* 104 Cal. 455; *Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. 168; *Dorland* v. *Cunningham,* 66 Cal. 484; *Coombs* v. *Hibberd,* 43 Cal. 452; *People* v. *Center,* 61 Cal. 194; *Brown* v. *Cline,* 109 Cal. 156; *Carpenter* v. *Superior Court,* 75 Cal. 597; *Egan* v. *Egan,* 90 Cal. 21; *Waggenheim* v. *Hook,* 35 Cal. 216; *People* v. *Flannelly,* 128 Cal. 83.)

G. W. Baker, and Thomas V. Cator, for Respondents.

The court had general jurisdiction to make the order of April 10, 1900, before the cause was removed by the appeal of May 11th, thirty days thereafter. (*People* v. *Greene,* 74 Cal. 400;[1] *Crim* v. *Kessing,* 89 Cal. 478;[2] *Chase* v. *Christianson,* 41 Cal. 253.) Every presumption must be made in favor of the validity of the order, and it must be conclusively presumed upon this collateral attack. (*Cockrill* v. *Clyma,* 98 Cal. 123; *Garoutte* v. *Haley,* 104 Cal. 500; Code Civ. Proc.,

[1] 5 Am. St. Rep. 448, and note.          [2] 23 Am. St. Rep. 491.

sec. 1086; *Clark* v. *Minnis,* 50 Cal. 510; *Bank of California* v. *Shaber,* 55 Cal. 330; *People* v. *McLane,* 62 Cal. 616; *Colnon* v. *Orr,* 71 Cal. 45.)

BEATTY, C. J.—This is a petition for a writ of mandate requiring the defendants to issue execution upon a judgment.

The petitioner, in an action in the superior court, of which the defendants are respectively the judge and clerk, recovered a money judgment with costs. March 12, 1900, on motion of defendant in that action, the court made and filed a written decision directing the entry of an order granting a new trial "upon condition that the defendant, The Germania Life Insurance Company of New York, pay to the plaintiff, Ferdinand Holtum, the sum of one hundred and fifty-four dollars ($154.00) costs of trial," *within thirty days from that date.* The order, as entered on the court minutes, stated the condition as indicated by the quotation-marks, and omitted the words italicized, limiting the time for performance. The defendant, however, on the ninth day of April, and within thirty days, duly tendered the proper amount to the plaintiff's attorney, who declined to accept it for the reason that he intended to appeal from the order. The next day, and upon proof of said tender and refusal, and the reason therefor, the court made and entered the following order *ex parte:*

"Tuesday, April 10, 1900. In this action upon motion of G. W. Baker, attorney for the defendant, and it being made to appear to my satisfaction by the affidavit of the said G. W. Baker, and the written acknowledgment of the attorney for the plaintiff in said cause, that the sum of one hundred and fifty-four ($154) dollars, the costs of the plaintiff in the trial of said cause, which was ordered paid by the court as a condition for granting a new trial herein, was by the defendant duly tendered to the plaintiff through his counsel and declined. It is therefore ordered that said condition to the granting of said motion for a new trial be vacated and annulled, and that said motion for a new trial in said cause, for the reason given in the former opinion of this court, be, and the same is made unconditional and absolute, from date hereof."

Subsequently, and within sixty days from the date of the original order, the plaintiff appealed therefrom to this court,

where it was affirmed. (*Holtum* v. *Germania Life Ins. Co.* 139 Cal. 645.) The *remittitur* in that case was filed in the superior court August 29, 1903, and thereafter the plaintiff made repeated demands upon the insurance company and its attorney for payment, and finally, on January 9, 1904, made a formal written demand, which was refused. Demand was then made upon the clerk for the issuance of an execution, and upon his refusal, a formal motion for an order directing the clerk to issue execution was made to the court and denied, whereupon this proceeding was commenced. The facts above stated all appear from the admissions, express or implied, in the answers of the judge and clerk, filed by way of return to our alternative writ.

The first question arising upon the facts stated is this: Was the order of April 10th, above quoted, void? If it was not void, it is of no consequence that it may have been erroneous, for the plaintiff by failure to appeal has allowed it to become final and effective as an order granting a new trial absolutely, and the judgment being thereby vacated no execution can issue. In other words, this proceeding must fail unless the order of April 10th was void in the extreme sense for want of power in the court to change in a substantial respect the order of March 12th, by which the right to a new trial was made conditional.

The power of the court to make an order for a new trial conditional upon payment of costs by the moving party is unquestioned, and a failure to perform the condition converts the order into a denial of the motion. (*Garoutte* v. *Haley,* 104 Cal. 497; *Brown* v. *Cline,* 109 Cal. 156.) The condition is therefore an essential part of the order, and the right to revoke it ceases when the power of the court over the order ceases. When the power of the court to set aside the order as to the award of a new trial is at an end, its power to eliminate one of the substantial terms of the order must, for the same reasons, be held to have ended. The question, then, is as to the power of the trial court to vacate an order granting or denying a new trial after it has once been regularly made and entered. The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely,

or by inadvertence, they may be set aside on a proper show-
ing (*Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. 170, and
cases cited), and if the order as entered is not the order as
made, the minutes may be corrected so as to make them speak
the truth (*Garoutte* v. *Haley,* 104 Cal. 497, and cases cited),
but subject to these exceptions the order is reviewable only
on appeal, and the decision of the trial court having been once
made after regular submission of the motion its power is ex-
hausted—it is *functus officio.* (*Odd Fellows' Sav. Bank* v.
*Deuprey,* 66 Cal. 170; *Dorland* v. *Cunningham,* 66 Cal. 484;
*Lang* v. *Superior Court,* 71 Cal. 492; *Carpenter* v. *Superior
Court,* 75 Cal. 597; *Belser* v. *Hoffschneider,* 104 Cal. 455.)
It is contended that the doctrine of these cases was limited or
qualified in its application to conditional orders for new trials
in the case of *Garoutte* v. *Haley,* 104 Cal. 497, but a reference
to the opinion in that case will show that there was no qualifi-
cation of the doctrine, though there may have been a failure
to apply it. The amendment or correction of the conditional
order which was made in that case was upheld solely upon the
ground that the court had the undoubted right to correct its
minutes so as to make them speak the truth—in other words,
it was assumed that the court did nothing except to make the
minutes show correctly the order as it was in fact made. In
this case it clearly appears from the terms and recitals in the
order of April 10th that it was not a correction of an erro-
neous entry in the minutes, but a substantial amendment of
the order, making it absolute instead of conditional.

It is contended that this was a proper thing to do, in view
of the fact that the tender of the money and its refusal en-
titled the defendant to a new trial. But if the order was
erroneous, tender of the money did not entitle the defendant
to a new trial, for until the right of the plaintiff to appeal
had been lost by lapse of the time for appealing, or by waiver
or abandonment, it could not be assumed that the conditional
order would ever become final by affirmance. And the refusal
to accept the money tendered, upon the express ground that
the plaintiff intended to appeal, was a good reason for not
making the order absolute; the party resisting the motion
cannot be forced into a new trial until the right to appeal is
at an end, or the order has been affirmed.

Counsel are mistaken in assuming that such orders as that

of April 10th have never been set aside or reversed except upon appeal. In *Lang* v. *Superior Court,* 71 Cal. 491, and in *Carpenter* v. *Superior Court,* 75 Cal. 597, such orders were annulled upon *certiorari,* for the reason that the statutory grounds of review are the measure of the power of the court to review its own orders or judgments. It would make no real difference, however, if the point had never been decided except on appeal, for the remedy by appeal is equally available to correct excesses in jurisdiction and errors in its exercise, and it may appear as clearly from the decision on appeal as from a decision in *certiorari* that an order is not only erroneous but void, and whenever it does so appear the order must be disregarded when collaterally called in question, as it is in the present case. It follows, therefore, that the plaintiff in appealing from the order of March 12th was entirely justified in ignoring the order of April 10th, which was wholly inoperative, and the affirmance of the first order left it where the appeal found it,—a conditional order,—an order, that is to say, which would in effect deny a new trial if the condition was not complied with.

This brings us to the second question in the case: What was the duty of the defendant in the matter of performance? If the order had been entered as it was made,—requiring payment in thirty days,—or if the minutes had been corrected in this particular as they might have been, so as to make them speak the truth, there might be a question which does not arise on the case as it is; for the entry on the minutes was never corrected, and the order remains without any provision as to time of payment. Such an order may well be construed as requiring payment on demand, and no more beneficial construction for either party has been suggested by counsel, or has suggested itself. The party resisting the motion may be trusted to demand the money when he wants it. If he concludes to accept the order without an appeal he will demand the money at once—thus waiving an appeal—and press for a speedy retrial of the issues. If he determines to appeal he will delay his demand until the order is affirmed. In the mean time the moving party is secure of losing no right by delay or failure in making a tender. Here, after affirmance of the order demand was frequently and formally made in behalf of the petitioner for payment of his costs, and was refused

upon the ground that no payment was due. This, in view of the decisions in *Garoutte* v. *Haley,* 104 Cal. 497, and *Brown* v. *Cline,* 109 Cal. 156, must be held to have converted the order into a refusal of a new trial, finally disposing of the motion and leaving the judgment in full force.

This did not, however, have the effect of making it the plain statutory duty of the clerk to issue execution. In cases of this kind the clerk cannot be expected to pass judicially upon the question whether a condition annexed to an order granting a new trial has been performed or not, and in any case he must be justified in awaiting the order of the court (where alone the question as to performance can be tried) before issuing execution. For this reason we do not think the petitioner has any right to a writ directed to the clerk. But as to the court the case is different. Upon the undisputed facts it is the duty of the court to order execution, and the only question is whether that right is enforceable by writ of mandate—which does not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1086.) Here it is suggested there is a plain, speedy, and adequate remedy by appeal from the order overruling the motion for execution, but this remedy although plain is neither speedy nor adequate. The appeal, in the ordinary course, would not be decided for a long time, and pending the appeal there would be no security for the payment of the judgment. And, besides, nothing would necessarily result from an appeal beyond a reversal of the order, and this would merely confirm the right of the petitioner to execution—a right already complete. So that unless the judgment of reversal was accompanied by a mandatory direction to order the issuance of execution, the petitioner would find himself at the end of his appeal precisely where he is now—with a right to demand the issuance of the writ, but with no power to compel it. Considerations such as these must have been the ground of decision in *Garoutte* v. *Haley,* 104 Cal. 497. But whatever may have been the reasons for sustaining the proceeding by *mandamus* in that case, it certainly made a precedent which justified the petitioner here in seeking the same remedy. To change the rule of practice now, when it is too late for him to appeal, could not be justified.

It is ordered that the writ be made peremptory as to the

superior court and issue accordingly. The proceedings as to the clerk is dismissed.

Shaw, J., McFarland, J., Lorigan, J., Henshaw, J., and Van Dyke, J., concurred.

ANGELLOTTI, J., dissenting.—I dissent. In my opinion, the order granting defendant's motion for a new trial upon condition that defendant pay $154 costs of trial within thirty days from the date thereof became absolute by reason of defendant's tender of the amount within that time. Compliance by the defendant with this condition, so far as it was not prevented from so complying by the acts of plaintiff, was all that was essential to render the order an absolute and unconditional order for a new trial. Its *status* was thereby finally determined, and it was thereafter, for all purposes, an order granting a new trial, and could not be converted into an order denying a new trial by reason of anything that might subsequently occur. The only right that could thereafter possibly remain in plaintiff thereunder was a right to recover the costs which he has once refused to accept. It is unnecessary here to determine how that right could be enforced, for that question is not involved herein. There is nothing inconsistent with these views in any of the cases cited. I am of the opinion that the application for a writ of mandate should be denied.