## SHEPARD v. F. A. ROBBINS PRESS WORKS.

### S. F. No. 4489; April 11, 1906.

#### 85 Pac. 307.

**Appeal—Filing of Transcript—Granting New Trial—Conditional Order.**—A motion for a new trial in an action to quiet title was denied upon condition that plaintiff consent to an amendment of the findings and judgment, and the order denying the motion stated that defendant's counsel should prepare an order specifying in detail the amendment to be made, and it was provided that, if plaintiff did not consent within ten days, a new trial should be granted. Some four months later an order was made reciting the pendency of the motion for a new trial, specifying the amendment to be made and stating that if plaintiff failed to consent to the amendment within ten days, a new trial would be granted. Plaintiff at no time consented to the amendment. Held, that ten days within which plaintiff might consent to the amendment and avoid the new trial did not begin to run until after the making of the second order, so that it was not until after the expiration of ten days from that time that the forty days allowed for the filing of a transcript on appeal began to run.

APPEAL from Superior Court, Marin County; Thomas J. Lennon, Judge.

Action by Elizabeth A. Shepard against F. A. Robbins Press Works, in which A. D. Shepard, as administrator, was substituted as plaintiff. From a judgment for plaintiff, defendant appeals. On motion to dismiss the appeal. Motion denied.

A. J. Treat for appellant; Thomas, Gerstle & Frick for respondent.

ANGELLOTTI, J.—This is a motion by plaintiff to dismiss an appeal from the judgment, on the ground that appellant has not filed in this court a transcript on appeal within the time allowed by law. It is conceded that the forty days within which such transcript must be filed did not begin to run until the motion for a new trial made by defendant was decided by the lower court (rule 2 of this court [78 Pac. vii]), and the question here is as to when the motion was decided, within the meaning of our rule. The notice of motion to dismiss was served on November 24, 1905, and filed November 25, 1905, at which times no transcript on appeal had been served or filed. The action was one to quiet title to certain land. On June 22, 1905, in the matter of defendant's motion for a new trial, which had previously been argued and submitted on a bill of exceptions, the trial court made the following order, viz.: "It is ordered that defendant's motion for a new trial be denied, but upon the condition, however, that plaintiff consent that the findings, judgment, and decree heretofore herein made be amended and modified so as to make the southerly side of the disputed fence the northerly boundary of the Shepard property. If consent be not given by plaintiff within ten days, then it is ordered that a new trial be granted. Defendant's counsel will prepare and present to the court an order to this effect specifying in detail the amendment to be made." No order specifying in detail the amendment to be made was presented to the court until November 1, 1905, on which last-named day the trial court made the following order, viz.: "This cause having been tried and findings filed and judgment rendered in favor of the plaintiff, and the defendant having filed its bill of exceptions on motion for a new trial, and the same having been allowed

and certified, and the motion for a new trial having been argued and submitted; and it appearing to the court that the case was tried upon the theory that the plaintiff claimed that the south line of the fence referred to in her complaint was the dividing line between the respective properties of the parties in said action; and it further appearing that the plaintiff by her findings and by her judgment has erroneously been given a boundary on the north line of her property three-fourths of an inch to the north of the north side of the fence between the north line of plaintiff's property and the south line of defendant's property; and it further appearing to the court that the true northerly line of plaintiff's property is a straight line along the southerly line of the said fence, as said line is prolonged from east to west, and that the court inadvertently signed findings and judgment in favor of plaintiff establishing the northern boundary line of her property in a straight line from east to west five and three-fourths (5¾) inches north of the southerly line of said fence; and it further appearing to the court that the said southerly side of said fence was at the time of the erection of the barn herein referred to situated six (6) inches north of the outside face of the corner post of the barn located in the northwest corner of plaintiff's property, to wit, four and one-quarter (4¼) inches from the outer face of the corner board of said barn: Now therefore, it is ordered, that if plaintiff within 10 days after the service of a copy of this notice upon her attorneys signs and files a relinquishment to defendant of all land north of a point beginning four and one-quarter (4¼) inches from the north or outer face of the corner board of the barn on the northwest corner of the property of the plaintiff, said last-named point being originally the southerly side of the fence between the property of the parties, and running thence in a straight line from west to east along the southerly line of said fence, as the same existed during the trial of said cause, the motion for a new trial upon the part of the defendant shall be denied. Further ordered that if within said ten days plaintiff shall fail to sign the relinquishment herein referred to and directed, then the motion of the defendant for a new trial will be granted upon all the grounds of said motion." This order was served on the attorney for plaintiff on November 13, 1905, and plaintiff having failed to file the required relinquishment, the trial court on December 8,

1905, made an unconditional order purporting to grant defendant's motion for a new trial.

Plaintiff's claim is that the order of June 22, 1905, became, by reason of the failure of the plaintiff to consent to the required modification, an order granting a new trial absolutely, at the expiration of ten days from the making of such order: See Holtum v. Grief, 144 Cal. 521, 78 Pac. 11, and cases therein cited. If this claim be well founded, it is apparent that the time for filing the transcript expired long before the giving of the notice of motion to dismiss. We are of the opinion, however, that under the terms of the order in question, the time for plaintiff to comply with the expressed condition upon which a new trial would be denied could not commence to run until the subsequent order, to be prepared by defendant, should be made by the court, specifying in detail the particular modification to which the plaintiff should consent. It is plain from the meager record before us that there was some doubt as to where the line designated in the order as ''the southerly side of the disputed fence'' was, such fence not being at all points still in existence, and the order made clearly shows the intent of the court that a subsequent order, specifically showing the modification desired, should be made, that plaintiff should have ten days thereafter within which to consent thereto, and that if within such ten days she consented to the modification specified in such subsequent order, the motion for new trial should be denied. Under the terms of the order of June 22, 1905, the ten days within which plaintiff might comply with the specified condition could not commence to run until November 1, 1905, the date of the making of the second order. Her failure to comply with the condition could not be effectual to render the order one granting a new trial earlier than at the expiration of said ten days. Until that time, therefore, there was certainly no decision of the motion for a new trial, within the meaning of our rule. It is apparent, therefore, that the time for filing the transcript on the appeal from the judgment had not expired at the time of the service and filing of the notice of motion to dismiss the appeal. It is not necessary for the purposes of this motion to decide whether the failure of plaintiff to file her consent to the required modification rendered the order one granting a new trial at the expiration of ten days from November 1, 1905, and we do not decide that question. It is

enough here that there was no decision of the motion prior to such last-mentioned time.

The motion to dismiss the appeal from the judgment is denied.

We concur: Shaw, J.; Sloss, J.