[Civ. No. 11079. First Appellate District, Division One.—October 11, 1940.]

JACOB HYAMS, Respondent, v. MARIO SIMONCELLI et al., Appellants.

[Civ. No. 11089. First Appellate District, Division One.—October 11, 1940.]

JACOB HYAMS, Respondent, v. MARIO SIMONCELLI et al., Appellants.

Albert Picard and Chester J. Keith for Appellants.

Louis L. Bernheim for Respondent.

PETERS, P. J.—Three separate proceedings are pending in this court between the above-mentioned parties, all growing out of an automobile accident in which plaintiff was injured by an automobile owned by defendants as copartners. The first of these (No. 11079) is an appeal by the defendants from a judgment for plaintiff for the injuries so received. The second of these (No. 11089) is an appeal by defendants from an order of the trial court made after judgment on January 18, 1939, denying defendants' motions for a new trial and to vacate certain orders. The third proceeding is

a motion by plaintiff to dismiss appeal No. 11089, on the ground that the order appealed from is nonappealable.

The main contentions of appellants are that by reason of certain prior orders of the trial court a new trial was automatically granted, and that the order of January 18, 1939, denying the motion for a new trial, was void as beyond the jurisdiction of the trial court. These contentions can best be explained as follows:

*December 29, 1938:*

Defendants served and filed a notice of intention to move for a new trial on most of the statutory grounds, including insufficiency of the evidence.

*January 9, 1939:*

The trial court duly made and entered in its minutes an order denying the motion for a new trial "providing plaintiff . . . file before 10:30 o'clock A. M. Tuesday, January 10, 1939, a consent in writing agreeing to a modification and reduction of said judgment from the sum of one thousand ninety-four and 50/100 (1094.50) dollars to the sum of seven hundred (700) dollars; otherwise said motion . . . is hereby granted upon the grounds of the insufficiency of the evidence to justify the judgment".

*January 10, 1939:*

Upon the *ex parte* motion of plaintiff the trial court made and caused to be entered in its minutes an order extending plaintiff's time to file the consent to the reduction "until January 11, 1939, at 12:00 M.".

*January 11, 1939:*

Upon the *ex parte* motion of plaintiff the trial court made and caused to be entered in its minutes an order extending plaintiff's time to file the consent to the reduction "until January 12, 1939, at 12:00 o'clock M.".

*January 12, 1939:*

Plaintiff filed with the court a stipulation agreeing to the reduction of the judgment. The trial court thereupon made and caused to be entered in its minutes an order reducing the judgment as provided in the stipulation, and denying the motion for a new trial.

*January 13, 1939:*

Defendants served and filed a notice of motion to vacate the two *ex parte* orders extending time, and the order deny-

ing the motion for a new trial, and petitioned for an order granting a new trial.

*January 18, 1939:*

The trial court made a minute order denying the motion to vacate and denying the petition for an order granting a new trial.

Within the time prescribed by law, defendants appealed from the judgment (No. 11079) and from the order of January 18, 1939 (No. 11089). This last appeal was taken out of an abundance of caution. The order denying a new trial is reviewable on appeal from the judgment. Appeal No. 11089, on the motion of respondent now pending, should, therefore, be dismissed.

All of the orders entered by the trial court and above-summarized were made and entered within the time prescribed by law for the passing upon the motion for a new trial. The record does not affirmatively show that the orders of January 10, 1939, and of January 11, 1939, extending time, nor the filing of the stipulation to remit a portion of the judgment, were in fact made or filed before the time limits fixed in the prior orders had expired. For the purposes of this appeal, however, in view of the presumptions in favor of the validity of judgments and orders, it must be presumed, in support of the trial court's actions, that in each instance the extension was granted and the stipulation filed before the hour fixed. Appellants do not contend to the contrary.

The theory of appellants is that the court below exhausted its jurisdiction when it made the order of January 9, 1939, giving plaintiff until 10:30 A. M. of the following day to file his consent to the remission; that when that hour arrived and no consent had been filed the new trial was automatically granted; and that before that hour arrived the trial court was without authority to extend the time. In this connection appellants place their main reliance upon the case of *Gloria* v. *A. Colonia Portuguesa,* 128 Cal. App. 640 [18 Pac. (2d) 87]. In that case the trial court, in a conditional order denying a new trial, allowed the plaintiff five days to file a consent to a modification of the judgment, otherwise, the order granted a new trial. Plaintiff made no attempt to comply with the order within the five days, nor did he within the five days or at all secure an extension of time. On the seventh day the plaintiff filed his consent to the modification,

whereupon the clerk entered the modified judgment. The appellate court held that, upon the expiration of the five days fixed in the order without action by the plaintiff, the alternative provision of the order granting the new trial became "operative and final". In this connection, the court stated (p. 642):

"The well-settled rule is that when a trial court makes and causes to be entered a conditional order granting or denying a motion for a new trial, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in the entry thereof [citing cases]; and that unless the party upon whom the condition is imposed complies with such condition within the limitation of time fixed therefor, the alternative portion of the order becomes operative and final at once, *at the expiration of such period of time.* [Citing cases.] Two cases in point from other jurisdictions wherein additional authorities are cited are *Bourne* v. *Moore,* 77 Utah, 184 [292 Pac. 1102], and *Plecas* v. *Devich,* 72 Utah, 578 [272 Pac. 197]." (Italics ours.) It is to be noted that the court states that the order granting the new trial became operative "at the expiration" of the time fixed in the conditional order. In the instant case, before the time fixed had expired, extensions were granted, and the consent was filed within the time so extended. This is a fundamental distinction. It is doubtless true that under the rule set forth in the Gloria case, *supra,* and the cases cited therein, where the trial court has once ruled on the motion for a new trial, it cannot change its ruling because of an alteration in the view of the court as to the law even within the period prescribed by law for passing on the motion, at least in the absence of application under section 473 of the Code of Civil Procedure. But no logical or legal reason exists why, before the order becomes operative, the trial court cannot properly grant an extension of time, as long as such extension does not exceed the time prescribed by law for passing on the motion. There is language in both the Utah cases relied upon as authority in the Gloria case, *supra,* to support this theory. In both cases the time fixed in the conditional orders had expired when the consent to reduction was filed. In holding that the order had become operative, the court, in both cases, emphasized that no extension had been sought before the operative date of the order. Thus is *Bourne* v. *Moore,* 77 Utah 184 [292 Pac. 1102, 1104], the court stated:

"Plaintiff did not ask or obtain additional time within which to exercise her option, nor did she ask to be relieved from her default or noncompliance with the order, nor did she seek to have this order set aside." The same limitation appears in *Plecas* v. *Devich*, 72 Utah 578 [272 Pac. 197], also relied upon in the Gloria case, *supra*. In that case (272 Pac. at p. 199) the court stated:

" . . . when the plaintiff failed to make her election within the time stated in the order, *failed to ask for or obtain additional time in which to make the election*, made no showing and did not ask to be relieved from her default or noncompliance with the order, and more than two months thereafter, without leave of court and without any showing of any excuse for her default or noncompliance, served and filed her election, the new trial became absolute and was so when the election was made." (Italics ours.)

A case closely in point is *Harris* v. *Speirs*, 55 Utah 474 [186 Pac. 445]. In that case, before the expiration of time fixed in the order, an extension was secured. One of the grounds of the opinion was that, although the conditional order would have become operative upon the expiration of the time fixed, the trial court before the expiration of that period had properly extended the time. The court stated (186 Pac. at p. 447):

"No one does, or can, contend that the district court did not have the power to make the conditional order and in connection therewith to determine and fix the time within which plaintiff should be required to elect. Nor can anyone successfully dispute the proposition that the time plaintiff should be given to elect was not entirely within the sound legal discretion of the court. It could have fixed any reasonable time limit within which plaintiff should make the election. In view of that fact, why could not the court extend the time limit as originally fixed, on proper application being made for such an extension? In case where a court may fix a time limit within which a party to an action may do an act the determination of which is manifestly within the court's discretion, why has it not the inherent power to extend the time limit as first fixed? We confess our entire inability to perceive any reason why it may not do so."

■ Appellants have offered no sound reason why this rule should not be adopted in this state. Respondent's arguments seem to us sound and logical. We, therefore, hold that the extensions were valid, the consent to reduction properly filed, and the motion for a new trial properly denied.

On the merits of the appeal in No. 11079, it is urged that the judgment must be reversed because the evidence shows that respondent was guilty of contributory negligence as a matter of law. The action was tried by the court without a jury. According to the findings, the accident occurred on December 27, 1937, at about 8 p. m. Respondent was then walking across Franklin street in San Francisco in a pedestrian lane. At this point several other streets meet with Franklin street. The traffic signals were in his favor. The automobile which was then being driven by an employee of defendants was likewise proceeding with the traffic signals, but was making a left turn, thus crossing the pedestrian lane in which plaintiff was walking. The respondent testified that while crossing the street he did not look for oncoming cars, but "went by the signal". Appellants contend that this testimony demonstrates that respondent was guilty of contributory negligence as a matter of law, and, in this connection, rely principally upon the rule stated in *Flores* v. *Los Angeles Railway Corp.,* 15 Cal. App. (2d) 576 [59 Pac. (2d) 856]. In that case the pedestrian was struck by a streetcar at an intersection. The streetcar had proceeded into the intersection with the traffic signal, but after entering the intersection the signals changed and the plaintiff started across the street and was hit. Plaintiff there had testified that after entering the intersection she had not looked to the right or left. The appellate court held that the plaintiff was guilty of contributory negligence as a matter of law in not seeing the streetcar. That case is not applicable to the instant case for several reasons. In the first place, in the present case, the automobile was making a left turn across the pedestrian lane —a situation which, in itself, is a warning of danger to the operator of the car. In the second place, the plaintiff testified that he had crossed the center line of Franklin street, and that the automobile was on the wrong side of the street when it hit him. ■ A pedestrian is not required to anticipate the presence of automobiles on the wrong side of the street, nor is he guilty of contributory negligence, as a matter

of law, in not keeping a lookout in a direction where automobiles are not to be anticipated. ▆ While it is true that the trial court did not state in its findings the exact spot where the accident occurred, if it were necessary, this court, in the exercise of its powers under section 956a of the Code of Civil Procedure, could make such a finding. This case is factually almost identical with the situation involved in *Van Antwerp* v. *Smith,* 39 Cal. App. (2d) 458 [103 Pac. (2d) 446], where an automobile injured a pedestrian, both proceeding in accordance with the traffic signals, and the automobile making a left turn. The court emphasized that there was some evidence that the automobile was on the wrong side of the street, and affirmed an order granting plaintiff a new trial, even though plaintiff had testified that he had not seen the automobile until it hit him. ▆ Obviously, under such circumstances, the question of proximate cause was for the trier of the fact. The same rule applies to this case.

The judgment in No. 11079, as modified by the consent to the reduction, is affirmed; the appeal from the order denying the motion to strike the orders made subsequent to the conditional order of January 9, 1939, and denying the motion for a new trial (No. 11089) is dismissed.

Knight, J., and Ward, J., concurred.