[Civ. No. 28173. Second Dist., Div. Four. April 28, 1964.]

HILLEL CHODOS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; J. A. THOMPSON et al., Real Parties in Interest.

Hillel Chodos, in pro. per., for Petitioners.

No appearance for Respondent.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Real Parties in Interest.

BURKE, P. J.—Petitioners seek (1) a writ of mandate to compel the superior court to issue a writ of execution upon a judgment, and (2) a writ of prohibition to restrain the trial

court from proceeding with a new trial of the action in which the judgment was rendered for petitioners.

The action was for damages resulting from a landslide; judgment for plaintiffs (petitioners, here) was entered upon a jury verdict in the sum of $14,823.79 against real parties in interest (herein termed "defendants"), the original developers and graders of the property.[1] A motion to tax costs was granted and a minute order was entered thereon. Defendants' motion for a new trial was argued, submitted and granted, the court ordering "... provided they [defendants] pay all costs in the sum of $233.37 to Plaintiff Hillel Chodos, and $464.13 to cross-complainants Lowe." Such costs were tendered by defendants on February 12, 1964, which was about 62 days after service of notice of motion for new trial.

On February 12, 1964, plaintiffs filed a notice of motion, to be heard on February 25, 1964, for an order that a writ of execution issue on the judgment on the basis that there had been no compliance with the condition for payment of costs and therefore the effect of the noncompliance was to deny the new trial and to reinstate the judgment. On February 24, 1964, notice of appeal was filed by defendants from the judgment and from the order of December 27, 1963, taxing costs, allegedly as a precautionary measure in the event that the trial judge should find that the order granting a new trial was in some manner avoided or the motion for new trial denied.

Plaintiffs' motion for a writ of execution was heard on the merits, each side presenting a memorandum of points and authorities respecting the effect of nonpayment of costs by defendants within the 60-day period for determination of the motion for a new trial, and certified declarations of counsel regarding a crucial conversation between opposing counsel.

On February 27, 1964, the court denied the motion for writ of execution. While the basis for this ruling was not indicated, it is evident that it could have been because the court determined that there had been a legal tender of court costs by defendants which had been refused by plaintiffs; such tender constituted compliance with the conditional order granting a new trial, and the new trial had thereupon been granted. There was a second possible basis for the court's decision to which we will refer later.

---

[1]The remaining defendants in the action were granted a nonsuit and petitioners (plaintiffs) gave notice of appeal from the judgment of nonsuit.

Petitioners contend that the order granting a new trial was conditional and payment or tender of costs was a condition precedent to a new trial; that the failure of defendants to pay or tender the court costs within the 60-day period provided for in Code of Civil Procedure section 660 amounted to a failure to comply with the condition and resulted in a denial of the motion by operation of law.

Section 660 reads in part: "... the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court." This section, it will be noted, does not deal with conditions which a court may impose when either granting or denying a new trial, nor does it restrict the trial court in the imposition of any time limits which such court may reasonably impose for the performance of such conditions. Section 660 imposes a limitation of time only upon the court's power to *act upon the motion* and provides that if the motion for new trial "is not determined within" the time specified, "the effect shall be a denial of the motion without further order of the court."

In *Holtum* v. *Grief,* 144 Cal. 521, 526 [78 P.11], cited by petitioners, the order granting a new trial was expressly conditioned upon payment of trial costs and the court stated: "What was the duty of the defendant in the matter of performance? . . . [T]he order remains without any provision as to time of payment. Such an order may well be construed as requiring payment on demand, and no more beneficial construction for either party has been suggested by counsel, or has suggested itself. The party resisting the motion may be trusted to demand the money when he wants it. If he concludes to accept the order without an appeal he will demand the money at once—thus waiving an appeal—and press for a speedy retrial of the issues. If he determines to appeal he will delay his demand until the order is affirmed. *In the mean time the moving party is secure of losing no right by delay or failure in making a tender.*" (Italics added.)

In *Holtum* v. *Grief, supra,* at page 524, the court further stated: "The power of the court to make an order for a new

trial conditional upon payment of costs by the moving party is unquestioned, and a failure to perform the condition converts the order into a denial of the motion. (*Garoutte* v. *Haley*, 104 Cal. 497 [38 P. 194] ; *Brown* v. *Cline*, 109 Cal. 156 [41 P. 862].) The condition is therefore an essential part of the order, and the right to revoke it ceases when the power of the court over the order ceases. When the power of the court to set aside the order as to the award of a new trial is at an end, its power to eliminate one of the substantial terms of the order must, for the same reasons, be held to have ended. The question, then, is as to the power of the trial court to vacate an order granting or denying a new trial after it has once been regularly made and entered. The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely, or by inadvertence, they may be set aside on a proper showing [citation], and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth [citation], but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio*. [Citations.] ''

In *Holtum, supra,* the court in announcing its decision to grant the motion for new trial did so upon condition that the defendants pay costs of trial *''within thirty days''* from a date stated. The order as entered in the court's minutes, however, stated the condition but omitted the italicized words limiting the time for performance. The defendant duly tendered the court costs to plaintiff's counsel within 30 days but the latter refused them, and the next day, upon proof of such tender and refusal, the court made and entered a new order ex parte which, after reciting the tender and refusal, purported to omit the condition and make the order granting new trial unconditional and absolute. It was the latter action which the Supreme Court declared was void because the trial court's conditional order granting a new trial, having been regularly made and entered, was final. Since the original order specified no time limit within which to pay such costs, it had the legal effect of making them payable on demand. In *Holtum* plaintiff ultimately made formal demand upon defendant for costs, which defendant refused, asserting that no payment was due. This the court stated (p. 527) ''must be held to have converted the order into a refusal of a new trial,

finally disposing of the motion and leaving the judgment in full force. [Citing *Garoutte* v. *Haley, supra,* and *Brown* v. *Cline, supra.*]''

Petitioners, although relying in part upon *Holtum* v. *Grief, supra,* seek to read into it a time limitation which they assert results from the passage of Code of Civil Procedure section 660. However, we construe this early Supreme Court decision to be controlling and decisive and in no way limited by the subsequent enactment of the later section. Certain dicta in later District Court of Appeal decisions appear to give some support to petitioners' contentions but upon analysis will be seen to be unfounded.

Petitioners assert that, in 1904, at the time of the decision of *Holtum,* the law only required that the hearing on the motion for new trial be had at the earliest practicable time, and there was no specified time limit on the power of the court to rule on the motion. Thus, they argue, there was no jurisdictional reason why the court's conditional order in *Holtum* should not continue indefinitely in a state of suspended animation at least for a reasonable time or until payment was either demanded or tendered. As heretofore indicated, however, section 660, Code of Civil Procedure, while imposing a limitation on the time the court must rule on the motion, imposes no limitation upon the time which the court may see fit to specify for the performance of such condition imposed in the order. The limitation is solely upon the court itself; that it must act on the motion for new trial within the 60-day period or the effect is a denial of the motion without further order.

Petitioners rely upon certain obiter dictum in *McDonald* v. *Randolph,* 80 Cal.App.2d 367, 371-372 [181 P.2d 909], wherein the court stated: ''Therefore, the portion of the order permitting an extension of time beyond the sixty days was void. ... If the court had power to extend the time thirty days beyond that period, it would have the same power to extend it one year or more. We do not believe this to be a proper construction of the statute.'' In its decision, however, the court noted that neither in the case then before it nor in *Ertman* v. *Municipal Court,* 68 Cal.App.2d 143, 146 [155 P.2d 908, 156 P.2d 940], upon which it relied, did the parties ever file the stipulation consenting to a reduction in the judgment which in both cases had been imposed as a condition for a denial of the motion granting a new trial. In this connection, the court stated in *McDonald, supra,* at page

371: "It should be held here, as it was held there, that plaintiffs cannot now claim they were prejudiced by the invalid part of the order." In its decision the court recognized and declared that the statement in *Ertman, supra,* that the court had no power to continue the time within which the condition was to be met beyond the 60-day period, was dictum. For the same reason the statement in *McDonald* that the portion of the trial court's order, permitting an extension of time beyond the 60 days within which to perform the condition, was void, is also dictum.

In a subsequent case, *Hurt* v. *Basalt Rock Co.,* 84 Cal.App. 2d 81, 85 [190 P.2d 240], a situation similar to that in *Holtum* v. *Grief, supra,* was presented wherein the court attempted by a subsequent order to impose a time limit within which the conditions expressed in the order granting the motion for new trial could be performed. The court adhered to the rule of the *Holtum* case and declared that the condition contained in the first order remained in effect, and since it was unlimited as to time it was construed "as requiring performance of the conditions on demand." The fact that such ruling would have the effect of extending the time within which the conditions could be performed beyond the 60-day period specified under section 660 of the Code of Civil Procedure was either not raised, or if raised the court construed the section as we construe it here, as constituting solely a limitation upon the time within which the court itself may act on the motion for new trial. If the court was made aware of the dictum in the *McDonald* case apparently it saw fit not to follow it.

In a still later case, *Jordan* v. *Warnke,* 205 Cal.App.2d 621 [23 Cal.Rptr. 300], the court had before it a conditional new trial order and a second purported order made after the 60-day period specified in Code of Civil Procedure section 660 had expired. The second order was unconditional and granted a new trial upon the grounds of insufficiency of the evidence. The reviewing court declared the second order to be a nullity because the court had lost jurisdiction within which to act on the motion for a new trial. Thus, the situation remained as in *Holtum, supra,* with only the first order outstanding and with no time specified therein within which plaintiffs could comply with the order. The conditions imposed in the first order were predicated upon insufficiency of the evidence, which ground was not specified in the new trial order as required under section 657 of the Code of Civil Procedure. For that reason the court declared the order could

not stand, with the net effect that no valid order was outstanding on the motion for new trial. Thus, the trial court not having acted within the 60-day period, a new trial was automatically denied under the mandate of section 660.

In *Jordan* the first order granting a new trial was made on the last day for ruling on the motion under the 60-day limitation, and the court took note of the language in *McDonald* v. *Randolph, supra,* to the effect that, if the 60-day limitation under section 660 ''prevents a party from consenting to conditions specified in a conditional new trial order, the alternative provisions of the order automatically become effective. The result is that a new trial is granted just as though the condition had been rejected.'' (205 Cal.App.2d 621, at p. 633.) However, as heretofore indicated, the court did not follow the dictum in *McDonald* because it found that the new trial order was void upon the other grounds which we have mentioned.

The *Jordan* case indicates that if the dictum in *McDonald* were to become controlling precedent it would greatly and, we hold, unnecessarily, restrict the trial courts and litigants with respect to conditional orders upon motions for new trial. Very often the action of the trial court on the motion is delayed for reasons beyond its control, with the result that as in *Jordan* the new trial order is made upon the last day or, as in *McDonald* v. *Randolph, supra,* at page 370, ''with only four days to go in which it had any power to act upon the motion for new trial, ...'' or as in the case here, within 10 days of the expiration of the 60-day period. Under such circumstances, if the dictum of *McDonald* is to become the law, lawyers and litigants often will not be given a reasonable time within which to comply with the conditions imposed by the court. This would have the practical result of denying the parties the opportunity to take advantage of what the court believes, after having heard the case, would. make for a just disposition of the controversy. In some instances a few days might be ample within which to comply with conditions. In other situations the conditions imposed might reasonably require a longer period. These are matters which should be left to the sound discretion of the trial court, just as are the other factors in such conditional orders. If this is done, it will result, in many cases, in the avoidance of lengthy retrials of actions made necessary solely because of sudden-death conditions which do not afford a reasonable

time for compliance. The prevention of unnecessary retrials will result in alleviating overburdened trial calendars.

We believe that in the absence of any legislative mandate to the contrary, the time limit for performing conditions is best left to the sound discretion of the trial court. Any party who feels abused by an unreasonable condition, such as an unduly long period within which to perform, has his remedy by appeal as in any other instance of abuse of discretion. The limitation proposed by *McDonald* is not in harmony with the fundamental rule established by the Supreme Court in *Holtum* v. *Grief, supra*, in 1904 and which, as we view it, is still the law.[2]

In *Hyams* v. *Simoncelli*, 41 Cal.App.2d 126, 131 [106 P.2d 68], the court had before it the question of the right of the trial court to extend the time within which conditions imposed in a new trial order might be performed. It held that the court had the power to grant such extensions providing that both the application for the extension and the order granting it were made before the expiration of the time fixed in the conditional order. The court cited with approval *Harris* v. *Speirs*, 55 Utah 474 [186 P. 445], holding: " 'No one does, or can, contend that the district court did not have the power to make the conditional order and in connection therewith to determine and fix the time within which plaintiff should be required to elect. Nor can anyone successfully dispute the proposition that the time plaintiff should be given to elect was not entirely within the sound legal discretion of the court. It could have fixed any reasonable time limit within which plaintiff should make the election. In view of that fact, why could not the court extend the time limit as originally fixed, on proper application being made for such an extension? In case where a court may fix a time limit within which a party to an action may do an act the determination of which is manifestly within the court's discretion, why has it not the inherent power to extend the time limit as first fixed? We confess our entire inability to perceive any reason why it may not do so.' " In *Hyams, supra* (p. 130), the court further stated: "But no logical or legal reason exists why, before the order becomes operative, the trial court

---

[2] *Phelan* v. *Superior Court*, 35 Cal.2d 363, 371 [217 P.2d 951], disapproves of certain reasoning in *Holtum* v. *Grief, supra*, 144 Cal. 521, at page 527, related to the speedy relief procurable by writ as opposed to an appeal. We need not consider this aspect of petitioners' presentation because we are denying the writs for the other reasons hereinabove stated.

cannot properly grant an extension of time, *as long as such extension does not exceed the time prescribed by law for passing on the motion.*" (Italics added.)

Although no reference is made to what we have referred to as the dictum in *McDonald, supra,* in the last quoted portion from *Hyams, supra,* the court apparently considered that the time limit under Code of Civil Procedure section 660 would be controlling. If in fact such is the intendment of that statement, it is unnecessary to the decision and is likewise dictum. We believe the correct interpretation of the last quoted portion from *Hyams* is that the trial court can properly grant an extension of time for the performance of a condition as long as the court acts within the 60-day period. (See, 3 Witkin, Cal. Procedure, § 42, subd. (c), p. 2093, which interprets this phase of *Hyams*—"But the time specified by the judge is not jurisdictional; [the court] may grant extensions within the statutory time to rule, and a consent filed within the extended time is effective.") ██ We conclude that while the time for the judge to act on the motion is limited by the section, the time which the court fixes for the parties to act upon the conditions imposed is not so limited.

██ Whether the conditional order granting or denying the new trial is worded in the present tense or worded in the future tense, when referring to the effect of the performance or nonperformance of the condition, it does not require a subsequent order since the original order takes effect immediately upon the expiration of the time limit within which the condition was to be performed. (*Jennings* v. *Superior Court,* 134 Cal.App. 300, 305 [25 P.2d 246].) ██ The fact that the time within which the condition is to be performed extends beyond the 60-day period is of no significance insofar as section 660 of the Code of Civil Procedure is concerned. " 'The well-settled rule is that, when a trial court makes and causes to be entered a conditional order granting or denying a motion for a new trial, its jurisdiction is exhausted and thereafter it has no power to change or modify the order except for inadvertence or mistake in the entry thereof [citing *Holtum* v. *Grief, supra,* and others] ; and that, unless the party upon whom the condition is imposed complies with such condition within the limitation of time fixed therefor, the alternative portion of the order becomes operative and final at once, at the expiration of such period of time. [Citations.]' " (*Jennings* v. *Superior Court, supra,* at p. 304.)

██ The trial court in the case before us, upon hearing

the plaintiffs' motion for a writ of execution on the judgment, may have denied the motion upon another ground. Each side had presented a memorandum of points and authorities respecting the effect of nonpayment of costs by defendants within the 60-day period. In weighing the declarations of counsel which had been filed with it, the trial court may well have concluded that the effect of the telephone conversation between the two counsel following the court's order conditionally granting a new trial, which conversation was initiated by counsel for petitioners, was to induce defendants' counsel to withhold the payment or tender of court costs until petitoners' counsel determined whether or not he would appeal from the order granting a new trial, in which event tender of costs would be a useless act. From the declaration of counsel for defendants, the decision had been left open, with counsel for petitioners stating that he would call opposing counsel within a few days after he had made up his mind on the question of appealing from the order or accepting the court costs. The trial court may well have considered that the conversation between counsel resulted in a waiver of any time limit for the performance of the condition if it be considered that any such limitation existed. If this was the basis of the court's ruling, such factual determination is substantially supported by the record and is conclusive upon this court.

■ It should be noted that the relief sought in this action by means of a writ of prohibiton will not lie for a further reason. No threatened action on the part of the trial court has been shown to reset the matter for a new trial or to proceed therewith. It is basic that a writ of prohibition will issue only to enjoin threatened judicial action. (*Tupper* v. *Superior Court*, 51 Cal.2d 263 [331 P.2d 977]; *Lane* v. *Superior Court*, 98 Cal.App.2d 165, 170 [219 P.2d 497].)

■ Petitioners assert that the defendants, by filing their notice of appeal from the original judgment, have divested the superior court of jurisdiction to proceed with a new trial; that their notice of appeal has the effect of waiving the benefits of the conditional order granting a new trial. It is apparent that a similar contention was raised in *McDonald* v. *Randolph*, *supra*, which the court disposed of by saying, at page 372, "Since the motion for new trial was granted on the ground stated, an appeal from the judgment entered on the verdict is ineffectual and must be dismissed." Here, the motion for new trial having been granted, the judgment was

vacated and the notice of appeal therefrom was meaningless and should be disregarded.

In view of the conclusions reached, contentions raised by defendants that the notice of entry of judgment was improperly served, that the requirement that defendants pay costs was an invalid condition, and other contentions, need not be determined.

The alternative writs of prohibition and mandate are discharged and the petitions for writs of mandate and prohibition are denied.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied May 19, 1964.