[Civ. No. 25026. First Dist., Div. Four. Sept. 19, 1968.]

RICHARD G. ALBERTON et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; MARION E. STRAUSS, Real Party in Interest.

Lin B. Densmore, William Sheehan and Cyril Viadro for Petitioners.

No appearance for Respondent.

Bergen Van Brunt and Sheldon I. Balman for Real Party in Interest.

DEVINE, P. J.—An order of examination was issued by

respondent superior court directing Richard G. Alberton to answer questions which were relevant to enforcement of a judgment which had been rendered against him and Stanley A. Bergman. Motion to vacate the order of examination was made and was denied. Alberton and Bergman then sought a writ of mandate or prohibition to nullify the order of examination. We issued an alternative writ. (Defendants have also appealed from the judgment, but the appeal has been dormant pending decision on this proceeding.)

Verdict of a jury was returned on March 20, 1967, in the amount of $58,330 for compensatory damages against both defendants and in the additional amount of $50,000 as punitive damages against defendant Alberton, and judgment was entered on March 21, 1967. Notice of entry of judgment was served on both defendants on March 22, 1967. Notice of intention to move for new trial, based on all statutory grounds, was filed on March 31, 1967.

May 22, 1967, was the last day for judicial action on the motion.[1] On that day, Honorable Andrew J. Eyman made an order, the essential part of which reads:

"It Is Hereby Ordered that, upon the filing herein by plaintiff on or before the 10th day of June 1967, of a relinquishment and remittance of all of said verdict for compensatory damages in excess of $44,175.25 and costs against defendants Richard G. Alberton and Stanley A. Bergman; and a relinquishment and remittance of all of said verdict for punitive damages against defendant Richard G. Alberton in excess of $15,000 and costs, said motion for a new trial will be denied.

"Upon failure to file such relinquishment and remittance as aforesaid by said date, said motion for a new trial will be granted upon the grounds of insufficiency of the evidence to justify the verdict, and on the ground that excessive damages appear to have been given under the influence of passion or prejudice to the plaintiff in the sum of $58,330.00 compensatory damages against defendants Richard G. Alberton and Stanley A. Bergman; and the sum of $50,000.00 punitive damages against defendant Richard G. Alberton."

Notice of the court's order was received by counsel for plaintiff on May 23, 1967. Remittance corresponding in amount to the court's order was filed by plaintiff on June 9, 1967.

---

[1] This was the sixty-first day, but the sixtieth day was a Sunday. For convenience, the term "sixty-day period" is used in the opinion.

814

Petitioners' position is that the effect of the court's order was to grant a complete new trial because the court could not extend the time for compliance with its condition beyond the sixty-day period. Section 660 of the Code of Civil Procedure, in its relevant part, reads: "Except as otherwise provided in Section 12a of this code, the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

■ It is established beyond question that the *judicial* function of granting a new trial must be completed within the sixty-day period (or the period as enlarged by holidays under Code of Civil Procedure section 12a). The matter is jurisdictional; an attempt by the court to act later is futile; the motion is denied by operation of law. (*McCordic* v. *Crawford,* 23 Cal.2d 1, 5-6 [142 P.2d 7]; California Civil Appellate Practice (Cont.Ed. Bar 1966) § 3.94, p. 105; 3 Witkin, Cal. Procedure (1954) § 32, p. 2080.)

But in cases wherein the judge has made his order within the sixty-day period and has allowed a time beyond for the compliance with a condition stated in the order, there is divergence of authority. In *McDonald* v. *Randolph,* 80 Cal. App.2d 367, 369-372 [181 P.2d 909], there is a statement that such an allowance of time is void, but because there was no acceptance at any time of the condition in the *McDonald* case, the statement is dictum. In *Jordan* v. *Warnke,* 205 Cal.App.2d 621 [23 Cal.Rptr. 300], the trial court had made two orders— one, a conditional order, made within the sixty-day period; and the second, a purported outright grant, made after the period had expired. Of course, the second one was void. The appellate court did, however, in support of its decision, make a passing and unnecessary reference to the statement in the *McDonald* case.

In *Chodos* v. *Superior Court,* 226 Cal.App.2d 703 [38 Cal. Rptr. 301], an opinion written by then Presiding Justice Louis H. Burke, the question was directly before the court. ■ The holding was that section 660 imposes a time limitation on the judge's action, but not on the time which the court may specify for the performance of a condition, al-

though the time must be a reasonable one. In the opinion, it is cogently observed (at pages 711-712) that "if the dictum in *McDonald* were to become controlling precedent it would greatly and, we hold, unnecessarily, restrict the trial courts and litigants with respect to conditional orders upon motions for new trial. Very often the action of the trial court on the motion is delayed for reasons beyond its control, with the result that as in *Jordan* the new trial order is made upon the last day or, as in *McDonald* v. *Randolph, supra,* at page 370, 'with only four days to go in which it had any power to act upon the motion for new trial, . . .' or as in the case here, within 10 days of the expiration of the 60-day period. Under such circumstances, if the dictum of *McDonald* is to become the law, lawyers and litigants often will not be given a reasonable time within which to comply with the conditions imposed by the court. This would have the practical result of denying the parties the opportunity to take advantage of what the court believes, after having heard the case, would make for a just disposition of the controversy. In some instances a few days might be ample within which to comply with conditions. In other situations the conditions imposed might reasonably require a longer period. These are matters which should be left to the sound discretion of the trial court, just as are the other factors in such conditional orders. If this is done, it will result, in many cases, in the avoidance of lengthy retrials of actions made necessary solely because of sudden-death conditions which do not afford a reasonable time for compliance. The prevention of unnecessary retrials will result in alleviating overburdened trial calendars.''

To this excellent exposition, we may simply state our concurrence in its recognition of the problems of judges, of lawyers and of litigants, and of persons seeking a place on court calendars. Judges' time for ruling on motions for new trial may be short because of agreements for postponement of hearing made by counsel and urged upon the court, because of vacations, illness, other business and the like. Lawyers are understandably reluctant to press the court for a ruling, and this is so particularly when remittitur (and now, additur) is one likely result. In the case before us, as an example, absent the *Chodos* rule, plaintiff, striving to keep intact the whole judgment, would hardly be in a position to suggest to the judge the need for time in which to accept any remittance he might decide to decree. Nor is it likely that counsel for defendants, seeking a complete new trial, would care to suggest that a ruling be made in ample time for their opponent to

decide on any ordered remittance, even if defendants might be willing to pay, and not to prosecute an appeal from, a reduced judgment. (But it will be remembered that at the time the motion was pending, the *Chodos* case was authority, and judge and counsel might feel assured that, as long as the judge acted within the sixty days, his order would be timely.) Although additur was not recognized at the time of the ruling in this particular case, now that it is possible it will be helpful to defendants and their counsel to have a decent time in which to decide whether or not they will pay the additional amount. In respect of trial calendars, we point out that this case required nearly eight weeks for trial. If the *Chodos* rule be not effective, another lengthy trial is in prospect, while other litigants must stand by. Defendants, against whom a reduced judgment was approved, even as to punitive damages against one, will have won a whole new trial, unintended by the reviewing judge.

These essentially practical and fair considerations would be of no avail if section 660 forbade what was done, but they are to be heeded in the interpretation of the statute. (*City of El Monte* v. *City of Industry,* 188 Cal.App.2d 774, 782 [10 Cal.Rptr. 802].) The time limit in that section is on the power of the court to pass on the motion for new trial. The court *did* pass on the motion. It could not change its ruling, even if this had been made days or weeks before the sixty days expired. The judicial function had been timely performed once and forever. (*Hunydee* v. *Superior Court,* 198 Cal.App.2d 430, 433 [17 Cal.Rptr. 856].) What was to be done thereafter, within the reasonable time allowed, was the exercise of a choice by plaintiff. The court had nothing to do with this.

The *Chodos* case was referred to as having "stressed the practical point that a trial judge's ruling on the motion is often delayed to a point where, if compliance had to be within the 60-day limit, a party might be denied the necessary time to comply." (Witkin, Cal. Procedure (1965 Supp.) § 41B, p. 798.)

We have stated our views on the legal soundness and the practical desirability of the *Chodos* rule because these are relevant to discussion of an apparently contrary statement in an opinion of the Supreme Court, *Jehl* v. *Southern Pac. Co.,* 66 Cal.2d 821, at page 832 [59 Cal.Rptr. 276, 427 P.2d 988], reading thus: "The court shall prescribe the time within which the defendant must accept the additur, and in no case

may this time be longer than the jurisdictional period for granting a new trial. (Code Civ. Proc., § 660; cf. *McDonald* v. *Randolph,* 80 Cal.App.2d 367, 369 [181 P.2d 909].) If the defendant fails to consent within the prescribed time, the order granting the new trial becomes final." The passage refers to additur, but the court refers to remittitur and additur as fraternal twins and says that it takes the rules for additur from those of remittitur (p. 832).

If the statement in the *Jehl* case were an essential part of the decision of the case, we should be bound to follow it. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) If it be obiter dictum, we are not so bound. (*Childers* v. *Childers,* 74 Cal.App.2d 56, 61-62 [168 P.2d 218]; *Ball* v. *Rodgers,* 187 Cal.App.2d 442, 450 [9 Cal.Rptr. 666].) We do not lightly pass over such dictum, but we feel obliged to make our decision unrestrained by the force which a direct ruling by the highest court would have had.

We are convinced that the statement is obiter dictum and that it was not the court's purpose to disapprove the *Chodos* case because:

1. The *Jehl* case was the one which established the right of trial courts to make new trial orders conditional upon additur. The ponderings of the court naturally were upon the legality of this new instrument of justice, and only incidentally on such matters as timeliness.

2. The court made reference to the *McDonald* case and none at all to that of *Chodos.* In particular, no note was taken of the fact that what had been said in *McDonald* on the subject of time was dictum, as had been pointed out in *Chodos.* It is possible that the statement in *Jehl,* "and in no case may this time [for accepting a condition] be longer than the jurisdictional period for granting a new trial," might be read as fixing sixty days as the "reasonable time" referred to in *Chodos.* Although this does not seem to have been the meaning of the sentence, because of the citation of the *McDonald* case at its end, nevertheless it is not unlikely that the possible effect of the observation as nullifying the *Chodos* decision escaped notice by the court.

3. Another reason for our conclusion that the single sentence in the *Jehl* case was not intended to overrule the *Chodos* decision is that *Chodos* relies in part on a decision of the Supreme Court itself, *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11]. The *Holtum* case was decided in 1904, before the limita-

tion on the judge's time to act on a motion for new trial was set forth in Code of Civil Procedure section 660; but the court in *Chodos* reasoned (226 Cal.App.2d at pp. 708-709, 712) that the ruling in *Holtum,* that where the order granting new trial was conditioned on payment of trial costs and no time for the payment was specified, the costs were payable on demand, was not altered by the later adoption of section 660. The court in *Chodos,* recognizing that there could be abuse in allowing unreasonable time limits for performing the conditions, pointed out that a party who feels abused by such procedure has his remedy by appeal (p. 712). Our point here, then, is that the *Chodos* case was not based on original reasoning only, but also on cited authority of the Supreme Court; wherefore, the brief sentence in the *Jehl* case, quoted above, is not deemed by us to have disapproved *Chodos.*

4. Finally, we take note of the court's recognition in *Jehl* of the desirability (of no moment if constitutionally impossible, but of prime importance if permissible) of meeting demands of an efficient administration of justice by avoiding repeated trials (66 Cal.2d at pp. 828-829). Additur was recognized as one of the means of preventing unnecessary new trials. It was pointed out in *Chodos,* and we too have made note above of the evident fact, that many repeated trials may be avoided by allowing a reasonable time, which we do not find to be forbidden by the terms of section 660, for the acceptance of conditions imposed by the court.

We conclude that the condition imposed by the judge has been met and that new trial has been denied.

Plaintiff, by way of counterattack, contends that the order granting new trial was wholly void because there was no specification of reasons, as required in *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]. But plaintiff did not appeal. An order granting a new trial is appealable. (Code Civ. Proc., § 963.) Plaintiff had a plain, speedy and adequate remedy at law.

The petition is denied; the alternative writ is discharged.

Rattigan, J., and Christian, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied November 13, 1968.